IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2016 APR -6 P 1:22

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

ODALYS LEON-SILVERA, §
§
Plaintiff, §
§
-vs- § Civil Case No. 3:16-cv-236
§
HOLLYHAND COMPANIES, INC. §
§ **TRIAL BY JURY REQUESTED**
§
Defendant. §

# COMPLAINT

## STATEMENT OF THE PARTIES

1. Defendant Hollyhand Companies, Inc. (hereinafter referenced as "Hollyhand") is an Alabama corporation that does business in Lee County, Alabama.

2. Plaintiff Odalys Leon-Silvera is a resident of Lee County, Alabama.

3. At all times material to this action, Plaintiff was employed by Hollyhand at their Lee County, Alabama location.

## JURISDICTION AND VENUE

4. This action is brought pursuant to the statutory scheme set out under the FLSA, 29 U.S.C. § 201 et seq. Specifically, this lawsuit seeks to remedy violations of the wage provisions of the FLSA by Hollyhand. Hollyhand's actions have deprived Plaintiff of lawful wages.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332. Venue is proper in the Middle District of Alabama under 28 U.S.C. § 1391(b).

6. Hollyhand is subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

7. At all times material to this action, Hollyhand was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

8. At all times relevant to this action, Hollyhand was an "employer" of Plaintiff as defined by § 203(e)(1) of the FLSA.

9. At all times material to this action, Plaintiff was an "employee" of Hollyhand as defined by § 203(e)(1) of the FLSA, and worked for Hollyhand within the territory of the United States within three (3) years preceding the filing of this lawsuit.

10. The provisions set forth in §§ 206 and 207 of the FLSA applies to Hollyhand and Plaintiff and they were both covered by this section while Plaintiff was employed.

## STATEMENT OF FACTS

11. Plaintiff was employed by Hollyhand as a property manager for more than 1 year.

12. As a property manager, Plaintiff worked 47-60 hours each week. Plaintiff was compensated on a salary basis.

13. While employed by Hollyhand, Plaintiff often worked overtime for which she was not paid.

14. Hollyhand knew Plaintiff worked off the clock and knew she wasn't paid overtime for all hours worked.

15. Hollyhand failed to keep fair and accurate time records for all hours worked.

16. Plaintiff complained to Hollyhand numerous times about her improper wages. As a result, Hollyhand terminated Plaintiff.

17. Hollyhand conduct toward Plaintiff of denying overtime wages, requiring employees to work off the clock, and not keeping accurate payroll records was part of a pattern and practice of wrongful conduct that involved Plaintiff and other hourly employees.

## COUNT ONE

18. Hollyhand intentionally failed and/or refused to pay Plaintiff in accordance with the wage provisions of §§ 206 and 207 of the FLSA.

19. Hollyhand has been aware of the requirements of the FLSA and its corresponding regulations requiring it to provide Plaintiff with the minimum wage and overtime compensation.

20. As a results of Hollyhand's violation of the FLSA, Plaintiff has suffered damages by failing to receive the minimum wage and/or overtime pay in accordance with §§ 206 and 207 of the FLSA.

21. Hollyhand's action in failing to compensate Plaintiff was willful.

22. Hollyhand has not made a good faith effort to comply with §§ 206 and 207 of the FLSA.

## COUNT TWO

23. Hollyhand discharged Plaintiff because she complained about her unpaid overtime and noncompliance with the wage provisions set forth in §§ 206 and 207 of the FLSA.

24. Such discharge was unlawful and in violation of § 215(a)(3) of the FLSA.

**WHEREFORE, PREMISES CONSIDERED**, pursuant to § 216(b) of the FLSA, Plaintiff prays for the following relief:

    a. Damages in the amount of unpaid compensation, plus an equal amount of liquidated damages, and prejudgment interest;

b. Punitive damages in an amount awarded by a jury;

c. Reasonable attorneys' fees, including the costs and expenses of this action; and

d. Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief to which Plaintiff may be entitled.

/s/ Patrick L. Hays
PATRICK L. HAYS, JR. (ASB-2301-C45H)
Attorney for Plaintiff

**OF COUNSEL:**

**HAYS LAW FIRM**
415 East Commerce Street, Suite 201
Greenville, Alabama 36037
Telephone: 334-371-4297
phays@hays-lawfirm.com

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES RELATED TO THIS CAUSE

/s/ Patrick L. Hays
OF COUNSEL