IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ODALYS LEON-SILVERA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| vs. | ) | |
| | ) | 3:16cv236-GMB |
| HOLLYHAND COMPANIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER APPROVING SETTLEMENT**

This is an action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") by Odalys Leon-Silvera.  Leon-Silvera and the defendant, Hollyhand Management Company, Inc., have filed a Joint Motion to Stay Proceedings, Approve Settlement Agreement, and Dismiss with Prejudice. Doc. 23.  Attached to the joint motion is a signed copy of the proposed settlement agreement. Doc. 23-1.  On March 16, 2017, the court held a hearing on the motion to approve the settlement agreement[1]; counsel for both parties participated in the hearing.

Parties cannot settle a private action for back wages under the FLSA absent court approval. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).  Before approving an FLSA settlement, a court must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Id.* at 1353–55.

---

[1] The parties have consented to the dispositive jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

Defendant employed Leon-Silvera as a Property Manager for approximately ten months, from August 2014 through June 2015. Doc. 24. Leon-Silvera's amended complaint alleges she routinely worked more than forty hours per week but was not paid overtime compensation because Defendant intentionally misclassified her as exempt from the FLSA's requirements regarding overtime pay. Doc. 15. In their joint motion, the parties state that a bona fide controversy exists, both as to liability and the amount of any recovery. While Defendant has invoked the FLSA administrative exemption in its motion to approve, that exemption is highly fact-intensive in its application. Doc. 24. If these questions were resolved in Leon-Silvera's favor, she claims to be entitled to a total of $18,000.00 in back overtime wages and liquidated damages. Doc. 24. Defendant contends that her signed time sheets limit her ability to recover to approximately $990 in overtime wages and that liquidated damages are not proper. Doc. 24.

According to the motion, the proposed settlement agreement recognizes the uncertainties both parties would face in proceeding with this case. First, the parties contend that the question of liability will depend upon application of a highly fact-sensitive exemption. Next, even if Defendant is liable under the FLSA, the parties contend that the amount of any recovery would vary dramatically, depending upon how the factfinder views Plaintiff's signed time sheets and other evidence surrounding the amount of overtime she alleges to have worked, much of which she alleges was worked off the clock.

The proposed settlement agreement includes a release of all FLSA claims Leon-Silvera may have against Defendant, and does not foreclose any other claims she may

have against Defendant. Doc. 9-1 at 4.  Pursuant to the proposed settlement agreement, Leon-Silvera would recover $5,000.00 from Defendant, half of which represents wages due, and half of which represents liquidated damages. Doc. 9-1 at 3.  The proposed settlement agreement also provides Defendant will make a separate payment to Leon-Silvera's counsel in the amount of $3,125.00 in fees and costs incurred. Doc. 9-1 at 3. During the March 16, 2017 hearing, the parties represented that the attorney fees were negotiated separately and without regard to Leon-Silvera's recovery.

Having considered the allegations contained in the complaint, the proposed settlement agreement, the parties' joint motion and brief, and the colloquy during the March 16, 2017 hearing, the undersigned determines that the proposed settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.

Therefore, it is ORDERED that the joint motion for approval of the proposed settlement agreement (Doc. 23) is GRANTED.  The proposed settlement agreement is APPROVED.

A final judgment will be entered separately.

Done this 21st day of March, 2017.

                                            /s/ Gray M. Borden
                                  UNITED STATES MAGISTRATE JUDGE